UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DANIEL WRIGHT,

                                        Petitioner,


            v.                                              9:06-CV-0319
                                                              (FJS)(GHL)

JAMES CONWAY, Superintendent,

                                        Respondent.

_____

APPEARANCES:                          OF COUNSEL:

DANIEL WRIGHT
Petitioner, *pro se*

OFFICE OF THE ATTORNEY GENERAL        FREDERICK H. WEN, ESQ.
New York State                        Assistant Attorney General
Attorney for Respondent

GEORGE H. LOWE, United States Magistrate Judge

## DECISION and ORDER

Petitioner Daniel Wright filed a petition for habeas corpus relief pursuant to 28 U.S.C. §

2254 challenging a judgment of conviction rendered in Madison County Court on charges of first

degree rape and second degree assault.  Dkt. No. 1 at 1.  Petitioner's convictions were affirmed by

the Appellate Division, Third Department, and the Court of Appeals denied leave to appeal on May

9, 2005.  *Id*. at 2.

A response to the petition was filed on October 23, 2006.  Dkt. No. 11.

On February 16, 2007, petitioner filed a traverse.  Dkt. No. 19.

Presently before the Court is a request from petitioner that this matter be stayed.  Dkt. No.

25.  Petitioner states that he seeks a stay so that he may exhaust his state court remedies with respect

to additional claims relating to a traffic accident report and the ineffective assistance of trial counsel. *Id*. at 3-4. According to petitioner, these additional claims were presented to the state court by motion pursuant to New York CPL § 440 filed on June 15, 2007. That motion was denied on July 23, 2007. *Id.* at 3-4.[1] At the time petitioner filed his motion to stay, he was seeking leave to appeal that decision to the Appellate Division, Third Department. *Id.* at 4.

Respondent opposes the stay on the grounds that petitioner has not established good cause for the stay and because his additional claims lack merit. Dkt. No. 26.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 534 U.S. 1015 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. In cases such as this, where the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition.[2] The Second Circuit ruled in *Zarvela*, that when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the

---

[1] A copy of the state court's decision has been submitted by petitioner in support of his motion for a stay. Dkt. No. 27.

[2] Petitioner's conviction became "final" for purposes of the AEDPA on or about August 7, 2005 and the one year statute of limitations began to run on that date. Since Petitioner does not indicate that he filed any application for state post-conviction or other collateral review prior to June, 2007, petitioner's statute of limitations expired on or about August 7, 2006.

district court should stay the petition.  *Zarvela*, 254 F.3d at 380.  The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies."  *Id*.

The United States Supreme Court has since approved the stay and abeyance procedure, but with limitations.  *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005).  Specifically, the Supreme Court stated that stays should only be granted if the petitioner can show "good cause" for failing to exhaust all available state court remedies earlier and can also show that his unexhausted claims are not "plainly meritless."  *Rhines*, 544 U.S. at 277.  The *Rhines* Court stated that

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277.  The *Rhines* court also stated that if a petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all."  *Rhines*, 544 U.S. at 278.[3]

As noted, petitioner seeks a stay to exhaust claims related to a traffic accident report which, according to petitioner, was "a key piece of evidence ... purposefully withheld from the defense that would have given the defendant a viable defense and possibly led to an acquittal of the defendant."

---

[3]  To date, the Second Circuit Court of Appeals has provided little guidance on what constitutes good cause for failure to exhaust state court remedies.  *See Otra v. Rivera,* No. 05-CV-645S, 2006 WL 2711462, *2 (W.D.N.Y. Sep. 20, 2006) (noting that the majority of lower courts which have addressed the issue have analogized the "good cause" requirement to the requirement that a habeas corpus petitioner demonstrate "cause" to excuse other types of procedural defaults).

Dkt. No. 25 at 3.  Petitioner appears to contend that the victim's injuries were not inflicted by him but, rather, occurred during a traffic accident involving petitioner and the victim.  Petitioner claims that the prosecution failed to provide the accident report prior to trial.  *Id*.  Petitioner also argues that the accident report is "newly discovered" evidence of his innocence.  *Id*.

In opposition to the stay, respondent argues that petitioner failed to demonstrate that he exercised reasonable diligence in pursuing the claims, and disputes petitioner's contention that the accident report is "newly discovered" evidence.  Dkt. No. 26 at 3.  As respondent notes, petitioner himself testified at trial regarding the traffic accident, and has offered no explanation for his claimed ignorance of the report or for his delay in pursuing this claim.  Respondent also argues that any additional habeas claims relating to the traffic accident report are time-barred and that the request for a stay is therefore futile and must be denied for that reason as well.

As to the additional ineffective assistance of counsel claim, petitioner states only that his "lawyer was ineffective to a point that denied the defendant a fair trial, due to the lack of investigative tactics, proper experience [D.N.A.] medical expert and proper cross-examination of witness."  Dkt. No. 25 at 4.  Respondent opposes this aspect of petitioner's request for a stay because petitioner has failed to sufficiently articulate the nature of this claim or how it differs from the claim set forth in the petition.  Dkt. No. 26 at 2.

Upon review, the Court denies petitioner's request for a stay.  The Court finds that petitioner has not demonstrated "good cause" for his failure to exhaust these claims in state court prior to commencing this action.  Moreover, in light of the fact that the state court denied petitioner's CPL § 440 motion in July, 2007, the Court considers it likely that the Appellate Division has acted upon petitioner's request for leave to appeal and that petitioner's motion is now moot.

4

Petitioner is advised that if he intends to seek leave of this Court to amend his petition to assert additional claims for habeas corpus relief, he must file a proper motion to amend **no later than December 31, 2007**.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's request to stay this action to exhaust additional claims (Dkt. No. 25) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties.

**IT IS SO ORDERED**.

Dated: November 16, 2007
          Syracuse, New York

George H. Lowe
United States Magistrate Judge

5