UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL WRIGHT, JR.,

                      Petitioner,

v.                                            9:06-CV-0319
                                                      (GTS/GHL)

JAMES CONWAY, Superintendent,
Attica Correctional Facility,

                      Respondent.
_____

APPEARANCES:                                      OF COUNSEL:

DANIEL WRIGHT, JR., 04-B-0203
  Petitioner, *Pro Se*
Attica Correctional Facility
P.O. Box 49
Attica, New York 14011-149

HON. ANDREW M. CUOMO                  FREDERICK H. WEN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, NY 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Daniel Wright, Jr. ("Petitioner") has brought this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) By Report-Recommendation dated May 19, 2009, the Honorable George H. Lowe, United States Magistrate Judge, has recommended that the petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 36.) Petitioner has not filed an objection to the Report-Recommendation. For the reasons discussed below, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its

entirety, and Petitioner's petition is denied and dismissed in its entirety.

## I. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After

---

[1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's Habeas Petition

Magistrate Judge Lowe correctly recited the legal standard governing review of Petitioner's habeas petition.  (Dkt. No. 36 at 4-6.)  As a result, this standard is incorporated by reference in this Decision and Order.

## II. DISCUSSION

For the sake of brevity, the Court will not repeat the factual background of Petitioner's November 2003 conviction for first degree rape and second degree assault, but will simply refer the parties to the relevant portions of Magistrate Judge Lowe's Report-Recommendation, which accurately recite that factual background.  (Dkt. No. 36 at 2-4.)

In his petition and traverse, Petitioner asserts that the trial court violated his due process rights by not following certain procedures.  Specifically, Petitioner claims that (1) the trial court failed to follow lawfully mandated procedures for determining whether a second felony offender sentence was properly imposed,[3] (2) the trial court failed to place on record which counts of the indictment would be considered during deliberation, (3) the verdict rendered was against the weight of the evidence, (4) the evidence adduced at trial was insufficient to support a guilty verdict, and (5) his trial counsel was ineffective in countering the lack of DNA presented at trial and failed to call an expert witness.  (Dkt. Nos. 1, 19.)

In his Report-Recommendation, Magistrate Judge Lowe recommends that the Court deny Petitioner's first three claims because (1) these claims are state court issues, and (2) Petitioner

---

[3] More specifically, Petitioner claims that the trial court should have asked whether he wished to challenge the validity or constitutionality of his prior conviction for arson.

has failed to present any federal constitutional basis for these claims.  (Dkt. No. 36 at 6-13.)  As to Petitioner's fourth claim, though sufficiency of the evidence is a matter subject to *habeas* review, Magistrate Judge Lowe recommends that this claim be denied because the evidence presented at trial was sufficient for a trier a fact to determine, beyond a reasonable doubt, that Petitioner was guilty of the charges presented.  (Dkt. No. 36 at 14-18.)

As to Petitioner's fifth claim, Magistrate Judge Lowe recommends that this claim be denied because the trial record clearly reflects that Petitioner's trial counsel (1) effectively cross-examined the police investigator as to the lack of DNA evidence, and (2) highlighted the lack of DNA evidence during jury summation.  (Dkt. No. 36 at 18-20.)  In addition, Magistrate Judge Lowe explains that there is no rule requiring trial attorneys to seek experts, and Petitioner has failed to show that he suffered any prejudice–i.e., that there was a reasonable probability that, but for his counsel's unprofessional performance, the outcome of the proceeding would have been different.  (*Id*.)

After carefully reviewing all of the papers herein, including Magistrate Judge Lowe's thorough Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Lowe.  Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts.  As a result, the Court accepts and adopts Magistrate Judge Lowe's Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 36) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED** in

all regards**;** and it is further

      **ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated:  September 14, 2009
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge